# O. & W. THUM COMPANY *v.* DICKINSON.

---

### TRADEMARKS; SIMILARITY.

1. Where it is apparent that an attempt has been made by the applicant

for the registration of a trademark to simulate the well-known trademark of another, appropriated to goods of the same descriptive properties, the two marks will not, in an opposition proceeding, be examined as with a microscope to detect minute differences, but will be viewed as a whole, as the general public would view them. The points of similarity are more important than the points of difference.

2. Nonregisterable matter should not be included in a mark the registration of which is applied for as a trademark, as the registered mark should go out to the public in its original form, or it is deceptive, and protects no one. (Following *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works, ante,* 64.)

3. In opposition proceedings to the registration of two marks as trademarks for sticky fly paper, the mark of the opposer, whose business had been established more than thirty years, and who at an early date adopted the mark, consisted of the word "Tanglefoot," and a fanciful design, the distinguishing feature of which was an oval so positioned that on each sheet of paper there was one complete oval and two half sections at either end thereof, and surrounding the complete oval and forming a rectangle were four fanciful circles, and representations of flies were used upon the product. One of the marks of the applicant consisted of a fanciful design, the principal figure of which was of about the same shape as that used by the opposer and arranged in exactly the same way; namely, in one complete oval in the center and two half sections at either end, with four flies substituted for the four circles of the opposer. The other mark of the applicant consisted of a rectangular figure upon which were two flies and the word "Sticky" in quotation marks, with a panel extending across the four middle letters; but the applicant filed a disclaimer as to the word "Sticky." It was *held,* reversing decisions of the Commissioner dismissing the oppositions, that as to the applicant's first mark, it was so similar to the opposer's as to be likely to cause confusion in trade, and it was apparent that applicant had made an attempt to put on the market a fly paper closely resembling that of the opposer; and that as to the applicant's second mark, the word "Sticky" and the flies must be eliminated, and when so eliminated, the balance of the mark would be registerable. (Citing *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6; and *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works,* supra.)

Nos. 1096 and 1097. Patent Appeals. Submitted March 14, 1917. Decided April 2, 1917.

HEARING on appeals from decisions of the Commissioner of

Patents dismissing oppositions to the registration of marks as trademarks.　　*Reversed.*

The facts are stated in the opinion.

*Mr. F. L. Chappell* and *Mr. Otis A. Earl* for the appellant.

*Mr. Frank E. Liverance* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

These are appeals by the O. & W. Thum Company from decisions of the Patent Office in trademark opposition proceedings, in each of which the opposition was dismissed.

The parties are engaged in the manufacture and sale of sticky fly paper at Grand Rapids, Michigan, the opposer's business having been established more than thirty years ago. Its sales total more than 350,000 cases annually, or from 80 per cent to 90 per cent of the amount used. At an early date it adopted as its trademark the word "Tanglefoot" and also a fanciful design, the distinguishing feature of which is an oval so positioned that on each sheet of paper there is one complete oval and two half-sections at either end thereof. Surrounding the complete oval and forming a rectangle are four fanciful circles. In addition, it also has used upon its product the representation of flies.

The mark sought to be registered by the applicant, Albert G. Dickinson, in opposition No. 1726 consists of a fanciful design, the principal figure of which has about the same shape as that used by the opposer, and arranged in exactly the same way; that is to say, one complete oval in the center and two half sections at either end. Applicant has substituted four flies for the four circles of the opposer.

The Examiner of Interferences was of opinion that some importance is to be attached to the slight difference in the ovals of the two marks, and he also was of opinion that the four flies of applicant's mark "form a very distinctive feature thereof."

The Assistant Commissioner stated that "there is a certain similarity between the mark of the applicant and that of the opposer, due to the arrangement of the complete and two partial ovals on the sheet of fly paper," but he was not convinced that the whole marks were so similar as to be likely to cause confusion in trade.

The law prohibits the registration of any mark which so nearly resembles a registered or known trademark owned or in use by another, and appropriated to goods of the same descriptive properties, "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." 34 Stat. at L. 1251, chap. 2573, and 37 Stat. at L. 649, chap. 7, Comp. Stat. 1916, sec. 9490. When it appears, therefore, as it does here, that a large and prosperous business has been built up by legitimate effort, and that a trademark has become associated in the mind of the public as pointing to the origin of the manufactured product, it is our duty carefully to protect the rights of the manufacturer, to the end that the Trademark Act shall not become a vehicle of unfair competition. As we have many times stated, there is absolutely no excuse, either legally or morally, for an even approximate simulation of a well-known trademark appropriated to goods of the same descriptive properties. And when it becomes apparent that such an attempt has been made, the two marks should not be examined with a microscope to detect minute differences, but rather should be viewed as a whole, as the general public would view them. The points of similarity are more important than the points of difference.

Both tribunals of the Patent Office suggested that no one has a right to the exclusive use of the representation of a fly as a trademark for sticky fly paper, and yet the only real difference between the two marks consists in the substitution of four flies by the applicant for the four circles of the opposer. We ruled in *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works,* present term *ante,* 64, that nonregisterable matter should not be included in a registered trademark. The reason is apparent. The registered mark should go out to the public in its original form,

or it is deceptive and protects no one. Thus, in *Straus* v. *Not-aseme Hosiery Co.* 240 U. S. 179, 60 L. ed. 590, 36 Sup. Ct. Rep. 288, where nonregisterable matter had been included in the mark, the court said: "The mark that it used held out to the public as registered in the Patent Office precisely the element that had been rejected there. It affirmed that the authority of the United States had sanctioned that for which that authority had been refused, and, by grasping at too much, lost all, so far as this case is concerned."

We are not impressed with the suggestion that there is anything distinctive about the manner in which these flies appear on the mark. In other words, we think they must be eliminated from consideration here, as applicant has no right to register them. Comparing the two marks, we cannot escape the conviction that there has been a studied attempt on the part of the applicant to put on the market a fly paper closely resembling that of opposer. The field was open and the opportunity as broad as the human imagination, and yet the applicant deliberately adopted as the distinguishing feature of its mark the distinguishing feature of opposer's mark. But one inference is possible, and, whether or not the origin of the product is of any concern to the average purchaser, we are quite clear that to purchasers who desire a particular product the use of these two marks would be likely to cause confusion or mistake. See *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6.

In the second opposition the same marks of opposer are involved, the mark of the applicant consisting of a rectangular figure upon which are two flies and the word "Sticky" in quotation marks, with a panel extending across the four middle letters. A so-called disclaimer was filed as to the word "Sticky." For the reasons above stated the word "Sticky" and the two flies must be eliminated from the mark. When thus eliminated there will be no objection to the accompanying figure with its embellishments.

The decision in each case is reversed and the opposition sustained.                                          *Reversed.*